IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL JOSH ROBERTS,<br>　　　　Plaintiff,<br>　v.<br><br>CORRECTIONAL OFFICER<br>VISQUIS, ET AL.,<br>　　　　Defendants. | No. 1:20-CV-01194<br><br>(Judge Rambo) |

## MEMORANDUM OPINION

Plaintiff Earl Josh Roberts, a prisoner presently confined at the State Correctional Institution at Rockview, in Bellefonte, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Correctional Officers Visquis and Morris regarding an alleged use of excessive force in violation of the Eighth Amendment that occurred while Plaintiff was incarcerated at SCI Retreat. (Doc. 1.)  Defendants have filed motions for summary judgment arguing that Plaintiff has failed to exhaust his administrative remedies as to his excessive force claim.  (Docs. 17, 18.)  Plaintiff has failed to oppose the motions.  For the following reasons, the Court will grant the motions.

I.　　STATEMENT OF FACTS

An inmate personally affected by a Department of Corrections ("DOC") or institutional action or policy, or by the action of a DOC employee may file a grievance.  (Doc. 20 at 1.)  A grievance must first be filed with the Facility Grievance Coordinator at the facility where the grievance event occurred.  (*Id.*)  If

1

the inmate is dissatisfied with the initial response, he may appeal that decision to the Facility Manager.  (*Id.* at 2.)  The Facility Manager will then provide a written response to the grievant.  (*Id.*)  The Facility Manager may uphold the response, uphold the inmate, dismiss the appeal, dismiss as untimely, or uphold in part/deny in part.  (*Id.*)  The Facility Manager may also remand the Initial Review response to the Grievance Officer for further investigation and/or reconsideration.  (*Id.*)

Any grievant who is not satisfied with the decision of the Facility Manager may submit an Inmate Appeal to Final Review to the Secretary's Office of Inmate Grievances and Appeals within fifteen working days from the date of the Facility Manager's decision.  (*Id.*)  Only issues appealed to the Facility Manager may be appealed at this level.  (*Id.*)  The Secretary's Office of Inmate Grievances and Appeals reviews the original grievance and the Initial Review Response, the appeal to the Facility Manager and the response, any investigative reports, and the appeal to final review.  (*Id.*)  The Secretary's Office of Inmate Grievances and Appeals issues a decision which may uphold the response, uphold the inmate, dismiss the appeal, dismiss as untimely, or uphold in part/deny in part.  (*Id.*)  A copy of the decision provided to the grievant and to the Facility Manager, and a copy is maintained in the Secretary's Office of Inmate Grievances and Appeals.  (*Id.* at 2-3.)

Plaintiff filed grievance No. 808799, regarding his allegation of excessive force contained in his Complaint. (*Id.* at 3.) The Plaintiff did not appeal grievance No. 808799 to the Facility Manager. (*Id.*) The Plaintiff received misconduct report No. 241805, which also involved the events described in his lawsuit. (*Id.*) The Plaintiff did not file an appeal for this misconduct report. (*Id.*)

I.  **STANDARD OF REVIEW**

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion

for summary judgment." *Anderson*, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## II. DISCUSSION

Defendants argue that Plaintiff has failed to exhaust his administrative remedies, which bars his Eighth Amendment excessive force claim. A review of the record demonstrates that Plaintiff failed to exhaust any grievance regarding this incident.

Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion, as a precondition for bringing suit, is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013). "[T]he . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures."). The burden of proving non-exhaustion lies with the defendants asserting the defense. *Jones*, 549 U.S. at 212, 216–17. A court evaluating the "threshold" issue of exhaustion looks at whether the inmate

"compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate. *Rinaldi v United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Drippe*, 604 F.3d at 781, and *Small*, 728 F.3d at 269-71).

In Pennsylvania, the DOC has established a comprehensive administrative grievance procedure, DC-ADM 804. *See* DC-ADM 804, *Inmate Grievance System*, Pa. Dep't of Corrs., *available at* https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf. Under that procedure, a prisoner must first submit a timely written grievance for review by the facility manager or regional grievance coordinator within fifteen days from the date of the incident. *Id.* DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "shall identify individuals directly involved in the events," and "shall specifically state any claims he wishes to make concerning violations of Department directives, regulations, court orders, or other law." *Id.* A response should be received within ten business days. *Id.* Next, the prisoner must submit a timely written appeal to an intermediate review level within ten working days. *Id.* Again, a response should be received within ten working days. *Id.* Finally, the inmate must submit a timely appeal to the Central Office Review Committee, also known as the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), within fifteen working days, and the inmate should

6

receive a final determination in writing within thirty days. *Id. See also Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 1997), *aff'd*, 532 U.S. 731 (2001) (discussing the exhaustion process for Pennsylvania state prisoners under an older version of DC-ADM 804). To fully exhaust an issue or incident in accordance with DC-ADM 804, "[a]n inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process." *Stroman v. Wetzel*, No. 1:16-CV-2543, 2019 WL 931653, at *3 (M.D. Pa. Feb. 26, 2019). *See also Garcia v. Kimmell*, 381 F. App'x 211, 213 n.1 (3d Cir. 2010) ("Proper exhaustion in Pennsylvania requires completion of a three-part procedure; initial review, appeal, and final review.").

Here, it is undisputed that Plaintiff failed to exhaust his grievance regarding the alleged excessive force as well as his misconduct report that he received for his behavior during the incident. This does not end the Court's inquiry, however, as it must also consider whether the applicable administrative remedies were "available" to Plaintiff for his unexhausted claim.

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide relief to aggrieved inmates;" (2) where the administrative remedies are so unclear that "no ordinary

prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. *See also Rinaldi*, 904 F.3d at 266-67. "[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Rinaldi*, 904 F.3d at 268.

Here, as Plaintiff has failed to oppose the motions at all, Plaintiff makes no argument that he falls under one of these three categories, nor would they appear to apply to the undisputed facts presented in the motion. Indeed, Plaintiff did utilize the grievance, he simply failed to complete it. There is simply no fact or reasonable inference the Court can make that would support a conclusion that the grievance procedure was unavailable to Plaintiff while he was incarcerated at SCI Retreat. Plaintiff has failed to establish that such remedies were unavailable to him. Accordingly, this Court finds that as a matter of law, Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit regarding his excessive force claims, and will grant Defendants' motions for summary judgment.

### IV. CONCLUSION

For the foregoing reasons, this Court will grant Defendants' motions for summary judgment.

8

An appropriate Order follows.

<u>s/Sylvia H. Rambo</u>
United States District Judge

Dated:  April 1, 2021